UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. SHANNON "SJ" JOSLIN,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF INTERIOR, *et al.*,<br><br>Defendants. | Civil Action No. 26-576 (SLS) |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order of February 23, 2026, the Parties, through counsel, provide their positions regarding (1) a proposed briefing schedule on the motion for preliminary injunction, (2) a statement addressing whether a hearing on the motion is necessary, and if so, three proposed dates and times for such a hearing; and (3) a statement addressing whether the Parties anticipate factual disputes between the declarants, and if so, whether the Parties believe an evidentiary hearing will be necessary to resolve the disputes and a proposal for proceeding with such a hearing.

1. Plaintiff filed their Complaint and Motion for Preliminary Injunction on February 23, 2026. ECF Nos. 1, 3. It was served on the U.S. Attorney's Office for the District of Columbia on the same day.

2. The Complaint alleges that in August 2025, Plaintiff was fired and became the subject of a criminal investigation because, together with friends, they displayed a trans pride flag from a rock formation in Yosemite National Park for less than three hours. The complaint alleges First Amendment violations (Counts I and II) and violations of the Privacy Act, 5 U.S.C.

§ 552a(e)(7) (Counts III and IV). The preliminary injunction concerns the alleged First Amendment violations only.

3.  Defendants intend to move to transfer venue to the Eastern District of California for the convenience of the parties. *See* 28 U.S.C. § 1404. Plaintiff believes that the motion for a preliminary injunction should be briefed now, and that any motion to transfer venue should be briefed afterward, at the time of motion-to-dismiss briefing. Defendants, on the other hand, request an expedited briefing schedule for a motion to transfer venue, followed by a briefing schedule for the preliminary injunction motion if the Court denies the motion to transfer.

**Plaintiff's Position on Briefing Schedule**

4.  Plaintiff Dr. Joslin seeks immediate briefing on the motion for preliminary injunction to address imminent and ongoing irreparable harm. Dr. Joslin proposes that Defendants file their opposition by March 16 (three weeks from service), and that Dr. Joslin files a reply by March 23 (one week from the opposition), with a hearing shortly thereafter at the Court's convenience, as discussed below. Defendants' anticipated motion to transfer should be briefed after the preliminary injunction motion is resolved.

5.  Defendants' request to stay briefing on the motion for preliminary injunction, while the Parties brief a not-yet-filed discretionary motion to transfer, is unjustified. Motions for preliminary relief are meant to be briefed and decided expeditiously. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (noting the "haste that is often necessary" to preserve the parties' positions with a preliminary injunction); *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 533 (5th Cir. 2024) ("It's generally understood that a motion for preliminary injunctive relief must be granted promptly to be effective." (cleaned up)). Here, Dr. Joslin argues that they face imminent and ongoing irreparable harm absent injunctive relief, and thus pausing preliminary

relief proceedings to brief a motion to transfer would prejudice Dr. Joslin. *See In re Fort Worth*, 100 F.4th at 534–35 (holding that district court "effectively denied" preliminary injunction motion by focusing on motion to transfer first). In contrast, a motion to transfer for the convenience of the parties involves a discretionary decision by the Court as to the most convenient forum and does not implicate any legal rights or potential irreparable harm.

6. Nor is Defendants' anticipated motion to transfer likely to succeed. There is no allegation that venue in the District of Columbia is *improper*. Six of the eight Defendants reside in this district. *See* Compl. 1, ECF No. 1. And the Privacy Act, which is the basis for two of Dr. Joslin's four claims, specifically allows suit to be brought in this district. *See* 5 U.S.C. § 552(g)(5) ("An action to enforce any liability created under this section may be brought in the district court of the United States . . . in the District of Columbia."). The core of Defendants' request for discretionary transfer is that "key witnesses are presumably in California," but "presumably" is doing a lot of work in that sentence. Without evidence to the contrary, there is ample reason to believe that ultimate decisions about Dr. Joslin's case were made by high-level officials in Washington, D.C. *See, e.g.*, Compl. ¶¶ 50, 60 (noting the "sharp departure" between initial communications from local NPS officials and communications in the days following the flag display). Although Dr. Joslin displayed the trans pride flag in California, this case is about the government's hostile response in violation of the First Amendment, an issue of national importance. *See Stand Up for California! v. U.S. Dep't of the Interior*, 919 F. Supp. 2d 51, 65 (D.D.C. 2013) (denying transfer where case had "national implications").

7. Setting these issues aside, should the Court allow Defendants to file a motion to transfer at this time, Dr. Joslin requests simultaneous briefing on the motion for preliminary injunction. Dr. Joslin proposes that Defendants file their opposition and motion to transfer by

March 16, that Dr. Joslin files a reply and opposition to transfer by March 30, and that Defendants file their reply regarding transfer by April 9.

### Defendants' Position on Briefing Schedule

8. Defendants agree to Plaintiff's proposed schedule if the Court prefers a combined briefing schedule, but Defendants will be moving to transfer the case to the Eastern District of California. In order to conserve the Court's and the parties' resources, Defendants propose that the Court consider the venue arguments first, on an expedited schedule. Defendants propose that it could file its motion to transfer on Monday, March 2; the opposition would be due March 9, and the reply would be due March 14. If the Court does not transfer venue, Defendants propose that the parties propose a briefing schedule for Plaintiff's motion for a preliminary injunction.

9. A case may be transferred to any district where venue is proper "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014) (internal quotation marks omitted). Here, the Plaintiff lives in California, the events described in the Complaint took place in California, and key witnesses are presumably in California. *See* Compl. ¶¶ 1, 44. Therefore, transferring the case will conserve the resources. Indeed, transferring this case is proper because witnesses and evidence are "far beyond the Court's 100-mile limit of the subpoena power of this Court." *Chung v. Chrysler Corp.*, 903 F. Supp. 160, 165 (D.D.C. 1995) (citing Fed. R. Civ. P. 45). That Plaintiff sued in this District is of little moment because "the plaintiff's choice of forum lack[s] meaningful ties to the parties, facts, and claims in the suit." *Pointdexter v. D.C. Dep't of Corr.*, 892 F. Supp. 2d 104, 107 (D.D.C 2012).

10. Briefing transfer together with a motion for a preliminary injunction would be a waste of the parties' and Court's resources. Such briefing would be under D.C. Circuit law. Should the Court ultimately transfer this action to California, the parties would need to update their briefing to account for Ninth Circuit law.

11. After briefing the transfer motion Defendants also will oppose the motion for preliminary injunction because Plaintiff fails to show irreparable harm, as Plaintiff fails to demonstrate that a harm that is beyond remediation. The D.C. Circuit "has set a high standard for irreparable injury." *Chaplaincy*, 454 F.3d at 297. In government personnel cases like this one, equitable relief such as reinstatement is disfavored and requires a "'genuinely extraordinary situation.'" *Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974).

## Joint Report

12. Plaintiff requests a hearing on the preliminary injunction motion. Defendants take no position and government counsel will be available as the Court orders. The date for a hearing will depend on the schedule the Court adopts, and the parties can update the Court on specific availability once the schedule is determined. Counsel generally have good availability in March.

\* \* \*

13. The Parties are not presently aware of any factual disputes that would necessitate an evidentiary hearing; they will provide a proposal for proceeding with such a hearing if it becomes clear it will be necessary based on the briefing.

Dated: February 25, 2026

*/s/ Clayton L. Bailey*
Clayton L. Bailey (DC Bar No. 1644867)
Margaret (Emmy) Wydman (DC Bar No. 90007646)
Civil Service Law Center LLP
1455 Pennsylvania Ave NW, Suite 400
Washington, DC 20004
(202) 571-7836
cbailey@civilservicellp.com
ewydman@civilservicellp.com

Paula Dinerstein (DC Bar No. 333971)
Joanna Citron Day* (DC Bar No. 477833)
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 464-2293
pdinerstein@peer.org
jday@peer.org

*application for admission pending per LCvR 5.1(c)(2)

*Counsel for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:   */s/ Allison I. Brown*
      ALLISON I. BROWN
      DIMITAR GEORGIEV, D.C. Bar #1735756
      Assistant United States Attorneys
      U.S. Attorney's Office, Civil Division
      601 D St., N.W.
      Washington, D.C. 20530
      (202) 252-7822 (Brown)
      allison.brown2@usdoj.gov
      dimitar.Georgiev-Remmel@usdoj.gov

*Attorneys for the United States of America*