UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. SHANNON "SJ" JOSLIN,<br><br>     Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>     Defendants. | Civil Action No. 26-576 (SLS) |

**<u>REPLY IN FURTHER SUPPORT OF MOTION TO TRANSFER VENUE</u>**

**TABLE OF CONTENTS**

Table of Contents ............................................................................................................... i

Table of Authorities ........................................................................................................... ii

Argument ............................................................................................................................ 1

      I.      This Action Might Have Been Brought in the Transferee District. ........................ 1

      II.     The Private Interests Weigh in Favor of Transfer. .................................................. 1

      III.    The Public Interest Factors Weigh In Favor Of Transfer. ...................................... 3

Conclusion .......................................................................................................................... 7

# TABLE OF AUTHORITIES

*Alabama v. Army Corps of Eng'rs*,
    304 F. Supp. 3d 56 (D.D.C. 2018) ........................................................................... 2, 3, 4

*Bourdon v. Dep't of Homeland Sec.*,
    235 F. Supp. 3d 298, 305 (D.D.C. 2017) ....................................................................... 4

*Correll v. U.S. Pat. & Trademark Off.,*
    Civ. A. No. 25-1169 (SLS), 2026 WL 310024 (D.D.C. Feb. 5, 2026) ................................ 1

*Chung v. Chrysler Corp.*,
    903 F. Supp. 160 (D.D.C. 1995) ................................................................................... 3

*Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*,
    75 F. Supp. 3d 353 (D.D.C. 2014) ................................................................................ 1

*Hale v. Bureau of Prisons,*
    Civ. A. No. 21-1469 (JEB), 2023 WL 2755413 (D.D.C. Apr. 3, 2023) ........................... 5, 6

*Houlihan v. Off. of Pers. Mgmt.*,
    909 F.2d 383 (9th Cir. 1990) ....................................................................................... 4

*Hubbard v. EPA Administrator*,
    809 F.2d 1 (D.C. Cir. 1986) ......................................................................................... 4

*Hunter v. Johanns*,
    517 F. Supp. 2d 340 (D.D.C. 2007) .............................................................................. 3

*Huskey v. Quinlan*,
    785 F. Supp. 4 (D.D.C. 1992) ................................................................................... 6, 7

*Jackson v. Kennedy*,
    Civ. A. No. 25-1750 (BAH), 2026 WL 172440 (D.D.C. Jan. 22, 2026) ............................ 4

*M & N Plastics, Inc. v. Sebelius*,
    997 F. Supp. 2d 19 (D.D.C. 2013) ................................................................................ 4

*Montgomery v. Barr*,
    502 F. Supp. 3d 165 (D.D.C. 2020) .............................................................................. 6

*Neighbors Against Bison Slaughter v. Nat'l Park Serv.,*
    Civ. A. No. 19-3144 (BAH), 2019 WL 6035356 (D.D.C. Nov. 14, 2019) ........................ 6

*Greater Yellowstone Coalition v. Bosworth*
    180 F. Supp. 2d 124 (D.D.C. 2001) .......................................................................... 2, 4

*Onyeneho v. Allstate Ins. Co.*,
    466 F. Supp. 2d 1 (D.D.C. 2006) ............................................................................... 4-5

*Saxton v. McDonough,*
    Civ. A. No. 21-1706 (RDM), 2022 WL 136796 (D.D.C. Jan. 14, 2022) ........................... 3

*SEC v. Musk,*
   Civ. A. No. 25-105 (SLS), 2025 WL 2803858 (D.D.C. Oct. 2, 2025) ................................................. 2

*Starnes v. McGuire*,
   512 F.2d 918 (D.C. Cir. 1974) ........................................................................................ 6

*Wolfram Alpha LLC v. Cuccinelli*,
   490 F. Supp. 3d 324 (D.D.C. 2020) ................................................................................ 5

Plaintiff's opposition does not refute the core issue here—this is a federal employment case where the operative facts have no relationship to this District. Indeed, in the opposition, Plaintiff admits to engaging in impermissible forum shopping by seeking to avoid Ninth Circuit Privacy Act precedent. For these reasons and the reasons articulated in Defendants' motion to transfer, the Court should grant Defendants' motion and transfer this action to the Eastern District of California.

## ARGUMENT

### I.    This Action Might Have Been Brought in the Transferee District.

As discussed in Defendants' motion to transfer venue, the analysis begins with the question whether the action "'might have been brought' in the transferee district," and this action might have been brought in the Eastern District of California. Defs.' Mot. (ECF No. 8) at 3-4 (citing *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014)). Plaintiff does not challenge this conclusion. Opp'n (ECF No. 9) at 4.

### II.    The Private Interests Weigh in Favor of Transfer.

Moving beyond that uncontested threshold issue, the Court turns to the next step in the analysis—balancing case-specific factors, which include the parties' private interests as well as public interests such as efficiency and fairness. *Correll v. U.S. Pat. & Trademark Off.*, Civ. A. No. 25-1169 (SLS), 2026 WL 310024, at *2 (D.D.C. Feb. 5, 2026) (quoting *SEC v. RPM Int'l, Inc.*, 223 F. Supp. 3d 110, 114 (D.D.C. 2016) (quoting 28 U.S.C. § 1404(a)). As previously noted, when weighing transfer, "the Court considers the following private interest factors: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties, (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof." *Bourdon v. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017).

Defendants' motion established that the private interest factors weigh in favor of transfer. Defs.'

Mot. at 4-8.

Plaintiff asserts that the Court should defer to Plaintiff's choice of forum even though none

of the operative facts occurred in this District. Opp'n at 5. Courts sometimes "accord significant

deference to a plaintiff's choice of forum." *SEC v. Musk,* Civ. A. No. 25-105 (SLS), 2025 WL

2803858, at *2 (D.D.C. Oct. 2, 2025). But as this Court explained in *Musk*, a plaintiff's choice of

forum receives little deference where the claim lacks a substantial connection to Washington, D.C.

Here, Plaintiff's claim lacks a meaningful connection to Washington, D.C., and thus, the Court

should not accord any deference to Plaintiff's choice. Deference is also limited where the plaintiff

does not reside in this District. Plaintiff relies on *Greater Yellowstone Coalition v. Bosworth*, 180

F. Supp. 2d 124 (D.D.C. 2001), in arguing that a plaintiff's choice of forum is accorded deference

where there was a sufficient nexus to Washington, D.C. between the operative facts and parties,

Opp'n at 5, but there two of the five plaintiffs had offices in Washington, D.C. *See id.* at 129. Here,

Plaintiff claims no personal or business connections to Washington, DC. Thus, the analysis in

*Greater Yellowstone* is inapposite and does not establish that Plaintiff's choice should receive

deference here.

The practice in this District provides that "'mere involvement on the part of federal

agencies, or some federal officials who are located in Washington D.C. is not determinative."

*Alabama v. Army Corps of Eng'rs*, 304 F. Supp. 3d 56, 63-64 (D.D.C. 2018) (describing principle

as "settled law") (citing *Shawnee Tribe v. U.S.*, 298 F. Supp. 2d 21, 25-26 (D.D.C. 2002)). In

*Alabama*, the court evaluated facts that (1) the Washington D.C.-based agency head directed staff

to begin the process of revising the government manuals at issue, (2) agency headquarters

personnel twice had the opportunity to review the draft documents before they were finalized by

local personnel, and (3) a high-level agency official in Washington D.C. signed the final document

approving the manuals. *Id.* at 64. But the court determined that these were not "'meaningful contacts'" with Washington D.C. for venue purposes. *Id.* (quoting *W. Watersheds Project v. Pool,* 942 F. Supp. 2d 93, 97 (D.D.C. 2013)). Similarly, here, Plaintiff has not demonstrated a "real connection" between Washington, D.C. and this litigation; to the contrary, all that Plaintiff offers is pure speculation that high-level officials in Washington, D.C. made the decisions at issue. Opp'n at 5. At bottom, this is an employment dispute, as Plaintiff seems to recognize in acknowledging that Plaintiff's Privacy Act claims are related to the termination from federal employment. *See id.* at 3. Courts in this District regularly transfer employment matters to the location where the alleged employment discrimination occurred. *See, e.g., Saxton v. McDonough*, Civ. A. No. 21-1706 (RDM), 2022 WL 136796, at *5 (D.D.C. Jan. 14, 2022) (employment case should proceed where "all the relevant evidence, including witnesses, is almost certainly located"); *Hunter v. Johanns,* 517 F. Supp. 2d 340, 344 (D.D.C. 2007).

Plaintiff states that "any necessary witnesses and evidence would be available" in this District. Opp'n at 7. Yet Plaintiff does not dispute that it is likely that the other climbers who participated in the underlying event live in or near California or that the witnesses and medical records related to any injuries are located in California. The NPS officials most directly connected to this case likewise are located in California. Significantly, transferring this case will conserve resources and ensure witness availability at trial, as a significant number of witnesses and related evidence are "far beyond the 100-mile limit of the subpoena power of this Court." *Chung v. Chrysler Corp.*, 903 F. Supp. 160, 165 (D.D.C. 1995) (citing Fed. R. Civ. P. 45).

In sum, the private interest factors in this case weigh in favor of transfer.

## III.    **The Public Interest Factors Weigh In Favor Of Transfer.**

In assessing the public interests, the Court must also consider: "(1) the transferee's familiarity with the governing laws and the pendency of related actions in the transferee's forum;

(2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *Bourdon*, 235 F. Supp. 3d at 308 (quotation marks omitted).

The opposition states that "'public-interest considerations that weigh against a transfer include the possibility that the defendants are forum shopping.'" Opp'n at 11 (citing *Greater Yellowstone Coal.*, 180 F. Supp. 2d 124 (D.D.C. 2021)). However, *Greater Yellowstone* cannot bear the weight of Plaintiff seeks to place on it because, there, defendants sought to transfer the case to a district with a single judge, making plain that defendants preferred a particular judge. In contrast, the Fresno Division of the Eastern District of California has two district judges as well as three magistrate judges. *See* United States District Court, Eastern District of California, www.caed.uscourts.gov/caednew/index.cfm/judges/contacts/fresno-contact/ (last visited 3/9/2026).

> In fact, Plaintiff acknowledges engaging in forum-shopping themselves:
>
> The Ninth Circuit has held that virtually all Privacy Act claims challenging federal employment actions are precluded by the Civil Service Reform Act (CSRA). *See Houlihan v. Off. of Pers. Mgmt.*, 909 F.2d 383, 385 (9th Cir. 1990). The D.C. Circuit, on the other hand, has held that Privacy Act claims are available to federal employees so long as certain factual elements are satisfied. *See Hubbard v. EPA Administrator*, 809 F.2d 1, 5 (D.C. Cir. 1986); *see also Jackson v. Kennedy*, 2026 WL 172440, at *8 (D.D.C. Jan. 22, 2026) (collecting cases) ("Accordingly, Judges on this Court have faithfully declined to find that the CSRA precludes federal employees from bringing Privacy Act claims for adverse personnel actions."). Whether Dr. Joslin's two Privacy Act claims survive as a threshold matter therefore likely depends on the outcome of this transfer motion.

Opp'n at 3. Courts in this District have given limited deference to a plaintiff's forum choice where the decision appears motivated in part by its desire to leverage the D.C. Circuit's case law. *See Alabama*, 304 F. Supp. 3d at  65 n.5; *M & N Plastics, Inc. v. Sebelius*, 997 F. Supp. 2d 19, 25 (D.D.C. 2013) (granting motion to transfer where plaintiffs' decision to file in the district was motivated by favorable precedent); *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 5 (D.D.C.

2006) ("To the extent that plaintiffs are engaging in forum shopping, it weighs in favor of transfer to the more appropriate forum."). Because Plaintiff concedes they are forum shopping, this Court should not defer to Plaintiff's forum choice here.

Plaintiff agrees that both courts are equally familiar with federal law, including the law at issue in this suit. Opp'n at 8. Thus, this factor is neutral.

As each District faces congested dockets, there is no convincing evidence that this case will receive speedier consideration in this District as opposed to the Eastern District of California. Moreover, the "statistics are not perfect indicators of court congestion as they may be influenced by additional factors" and "[d]epending on which metric a Court chooses to assess relative congestion, the weighing of this factor [often] points in different directions." *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 336-37 (D.D.C. 2020). Accordingly, this factor is neutral or, at best, only slightly moves the needle one way or another. *See id*.

Defendants established that this case concerns a local interest centered in California. Defs. Mot. at 9-11. The opposition argues that the case has national significance, but courts in this District do not take the view that all alleged First Amendment cases are national in scope. In *Hale v. Bureau of Prisons*, Civ. A. No. 21-1469 (JEB), 2023 WL 2755413, at *5 (D.D.C. Apr. 3, 2023), the court explained that where the "crux" of an Administrative Procedure Act claim based on a First Amendment violation is "the implementation . . . of [national policies] as to [the plaintiff]," the question to evaluate when considering transfer is where the implementation of the policy occurred. *Id.* at *4. Here, the central event at issue in the suit, Plaintiff's termination as a probationary employee, took place in California, based on events that took place within Yosemite National Park, also in California. Compl. ¶ 63. The Yosemite Superintendent's Compendium describes the designated protest and demonstration area for Yosemite, which is policy specific to

- 5 -

the park. *See id.* ¶ 64. To the extent that any national policy at all is involved, implementation of the policy occurred in the Eastern District of California.

In any event, although Plaintiff has framed this case as a challenge to an alleged nationwide policy, this is by no means dispositive. Sensibly, courts in this District have recognized that it is not necessary that all national policy decisions or cases be brought in the District of Columbia. *See, e.g., Huskey v. Quinlan*, 785 F. Supp. 4, 6-7 (D.D.C. 1992). In *Huskey*, a plaintiff challenged the use of indefinite segregated confinement against a group of inmates of which he was a member. Although the case implicated federal prison policies formulated at Bureau of Prisons' headquarters in Washington, D.C., the court found that "such polic[ies are] not determinative in determining which is the appropriate venue under Section 1404." *Id.* at 7. For one thing, *Huskey* recognized that the "existence of a national policy issue" is a factor to be considered, not the outcome determinative factor. *Id.*; *see also Neighbors Against Bison Slaughter v. Nat'l Park Serv.*, Civ. A. No. 19-3144 (BAH), 2019 WL 6035356, at *8 (D.D.C. Nov. 14, 2019) ("[T]he fact that a particular policy may have been overseen by an official in Washington, D.C. 'is a factor to be considered,' but is not dispositive.") (citing *Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974)). The court ruled that, "because the implementation of policy [was] at issue, and because that implementation took place at the Marion facility in Illinois, venue [was] more appropriately laid in Illinois." *Id.* (citation omitted). Moreover, the court reasoned that, even if issues of national policy had been squarely presented, transfer would be appropriate under Circuit precedent because plaintiff has "raise[d] claims related to his particular circumstances," which might have likely "required evidence from himself and other persons better available in" the Transferee jurisdiction. *Id.* (citing *Starnes*, 512 F.2d at 929); *see also Montgomery v. Barr*, 502 F. Supp. 3d 165, 178 (D.D.C. 2020) ("cases claiming to be raising national policy issues are still not appropriately venued here when countervailing considerations strongly favor a transfer").

The reasoning of *Huskey* applies with equal force here. As discussed above, Plaintiff raises claims related to "particular circumstances" that likely "require[] evidence . . . better available in" the transferee district. *See Huskey*, 785 F. Supp. at 6-7. Thus, transfer from the District of Columbia to the Eastern District of California is warranted.

Accordingly, the public interest factors in this case weigh in favor of transfer.

<strong>CONCLUSION</strong>

Courts have discretion to adjudicate motions to transfer according to case-by-case considerations. Here, the case-specific considerations support transfer. This Court should grant Defendants' motion to transfer venue to the Eastern District of California because that is where the events at issue took place and the witnesses reside.

Dated: March 9, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

PETER C. PFAFFENROTH
Chief, Civil Division

By: _____ */s/ Allison I. Brown* _____
ALLISON I. BROWN
DIMITAR GEORGIEV, D.C. Bar 1735756
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
202-252-7822
allison.brown2@usdoj.gov
dimitar.georgiev-remmel@usdoj.gov

*Attorneys for the United States of America*